

# IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

---

KHALEEQ A. MUSE,

Plaintiff, pro se,

v.

CITY OF CHICAGO,

OFFICER V.H. GONZALEZ,

OFFICER O.A. FURLAN,

Defendants.

)

)

)

)

)

)

)

)

Case No. 1:24-cv-06108

Hon. Martha M. Pacold

---

**FILED**

AUG 26 2025

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# AMENDED COMPLAINT

Plaintiff Khaleeq A. Muse, pro se, for his Amended Complaint against Defendants, states as follows:

---

## I. JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is proper under 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3) (civil rights).

3. This Court has supplemental jurisdiction over related state-law claims under 28 U.S.C. § 1367.

4. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Chicago, Illinois.

---

## II. PARTIES

5. Plaintiff Khaleeq A. Muse is an African American resident of Chicago, Illinois.

6. Defendant Officer V.H. Gonzalez is a sworn member of the Chicago Police Department, sued in his individual capacity.

7. Defendant Officer O.A. Furlan is a sworn member of the Chicago Police Department, sued in his individual capacity.

8. Defendant City of Chicago is a municipal corporation, liable under Monell v. Department of Social Services, 436 U.S. 658 (1978).

# III. FACTUAL BACKGROUND

9. On May 11, 2024, Plaintiff was sitting in his vehicle parked in an alley behind a family member's residence in Chicago. The car was not running.

10. Officers Gonzalez and Furlan, in plain clothes, approached Plaintiff's vehicle, stating they were investigating a reported abandoned stolen car nearby.

11. Another individual—not Plaintiff—opened the rear driver-side door and placed an item inside the vehicle.

12. Officers claimed they observed a handgun in plain view inside the vehicle.

13. Officers ordered Plaintiff out of the vehicle, handcuffed him, and placed him under arrest.

14. Plaintiff immediately informed the officers that the vehicle was not his and that he did not own the firearm.

15. A subsequent investigation revealed that the other individual possessed a valid FOID card, but Plaintiff did not.

16. Despite this, the police reports authored by Gonzalez and/or Furlan falsely attributed possession and ownership of the handgun to Plaintiff.

17. These reports omitted exculpatory facts, including that another individual had placed the firearm in the vehicle and had lawful authorization to possess it.

18. Based on these reports, Judge Charles S. Beach found probable cause on May 12, 2024, to detain Plaintiff.

19. Plaintiff was charged with felon in possession of a firearm (720 ILCS 5/24-1.1) and parking in an alley (Chicago Municipal Code § 9-64-130).

20. On August 5, 2024, the gun charge was dismissed nolle prosequi and the parking violation was nonsuited.

21. Plaintiff suffered loss of liberty, reputational harm, stigma, and emotional distress during his detention and prosecution.

# IV. CAUSES OF ACTION

## Count I – Fourth Amendment Malicious Prosecution (42 U.S.C. § 1983)

22. Plaintiff realleges paragraphs 1–21.

23. Defendants initiated and continued criminal proceedings against Plaintiff without probable cause.

24. Defendants knowingly submitted false and incomplete police reports that attributed possession of the firearm to Plaintiff and omitted exculpatory facts.

25. Judge Beach's probable cause finding was based on these misrepresentations.

26. Proceedings terminated in Plaintiff's favor when the felony gun charge was dismissed nolle prosequi.

27. Defendants' actions caused Plaintiff to suffer unlawful seizure and detention.

---

## Count II – Fourteenth Amendment Equal Protection (Selective Enforcement – Race)

28. Plaintiff realleges paragraphs 1–27.

29. Plaintiff is African American and was arrested in a predominantly Black neighborhood.

30. Defendants Gonzalez and Furlan are not African American.

31. Defendants selectively enforced firearm laws against Plaintiff while ignoring similarly situated non-Black individuals present during the incident, who were not arrested or charged despite being in closer proximity to the firearm.

32. The Chicago Police Department maintains a documented pattern of racially discriminatory policing practices, confirmed by DOJ investigations and federal oversight reports.

33. Defendants' actions were motivated by discriminatory purpose and had discriminatory effect, depriving Plaintiff of equal protection of the laws.

---

## Count III – Fourth Amendment Fabrication of Evidence

34. Plaintiff realleges paragraphs 1–33.

35. Defendants knowingly fabricated evidence by falsely reporting that Plaintiff possessed the firearm.

36. These fabrications directly caused Plaintiff's pretrial detention.

37. Without the fabricated reports, no probable cause would have existed.

38. Plaintiff's unlawful detention violated his Fourth Amendment right to be free from seizure without probable cause.

---

## Count IV – Monell Liability (City of Chicago)

39. Plaintiff realleges paragraphs 1–38.

40. The City of Chicago has long maintained unconstitutional policies, practices, and customs, including:

   a. Fabrication of police reports to justify arrests;

   b. Selective enforcement of laws against African American residents;

   c. Failure to discipline officers engaged in misconduct.

41. These practices have been documented by federal investigations and consent decrees.

42. Plaintiff's unlawful arrest and prosecution were the direct result of the City's policies and customs.

### Count V – State Law Malicious Prosecution

43. Plaintiff realleges paragraphs 1–42.

44. Defendants commenced criminal proceedings against Plaintiff.

45. Those proceedings terminated in Plaintiff's favor when charges were dismissed.

46. Defendants lacked probable cause and acted with malice in pursuing the charges.

47. Plaintiff suffered damages including loss of liberty, reputational harm, and emotional distress.

# V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Award compensatory damages against all Defendants jointly and severally;

B. Award punitive damages against individual Defendants Gonzalez and Furlan;

C. Enter declaratory judgment that Defendants' conduct violated Plaintiff's rights under the Fourth and Fourteenth Amendments;

D. Enter injunctive relief requiring the City of Chicago to adopt policies preventing fabrication of evidence and selective enforcement;

E. Award costs and attorney's fees under 42 U.S.C. § 1988;

F. Grant such other relief as this Court deems just and proper.

# VI. JURY DEMAND

48. Plaintiff demands trial by jury on all issues so triable.

## VII. RULE 11 CERTIFICATION

49. Plaintiff certifies this pleading is filed in good faith, that the claims are warranted by existing law or a good-faith argument for extension of law, and that the factual contentions have evidentiary support or will likely have support after discovery, consistent with Fed. R. Civ. P. 11(b).

# CERTIFICATE OF SERVICE

I, Khaleeq A. Muse, the undersigned pro se Plaintiff, hereby certify pursuant to Rule 5 of the Federal Rules of Civil Procedure that on this ___ day of September 2025, I caused a true and correct copy of the foregoing Amended Complaint to be filed with the Clerk of Court using the CM/ECF electronic filing system, which automatically sends notice of such filing to all registered counsel of record.

For any party not registered with CM/ECF, I further certify that I served a true and correct copy of the foregoing by U.S. Mail, first-class postage prepaid, addressed as follows:

[Insert defense counsel's names and mailing addresses if required.]

Respectfully submitted,

Dated: September 26, 2025

/s/ Khaleeq A. Muse

Khaleeq A. Muse

Plaintiff, Pro Se

[Your address]

[City, State, Zip]

[Phone]